James G. Kirk, Appellant, v. Henry M. Rich & Company, Appellee.

Gen. No. 15,194.

1. ORDINANCES—*validity of, requiring real estate brokers to be licensed.* An ordinance is valid which provides that a broker who conducts a business in violation of its provisions requiring the obtaining of a license, cannot recover commissions.

2. BROKERS AND FACTORS—*when lack of license precludes recovery of commissions.* A license to a real estate broker becomes effective from the day of its issuance and he cannot recover commissions for services earned prior to the issuance thereof to him, notwithstanding the transaction out of which his claim for commissions arises was not altogther concluded until after such broker has received his license.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed June 30, 1910.

WILLIAM A. MORROW, for appellant.

RINGER, WILHARTZ and LOUER, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiff, a real estate broker in Chicago, brought an action for commissions for procuring for defendant a tenant for certain space in a building in Chicago. The trial was by the court and resulted in a finding and judgment for the defendant and plaintiff appealed. The services of the plaintiff. in procuring a tenant for the defendant were rendered between some day in September and October 26, 1907. October 30 plaintiff obtained from the City of Chicago a license to conduct the business of broker, "in said city until the first day of May next," and paid therefor $25, the fee fixed for a license for one year. October 31 the lease from the defendant to the tenant was executed.

The ordinance of the city of Chicago makes it unlawful "for any person to engage in the business, or act in the capacity of a broker within the city, without first obtaining a license therefor;" provides that any person violating the ordinance shall be fined not less than $25, etc.; provides that no license shall be granted for a less or longer period than one year, except, etc., and that, "every license shall expire on the last day of April following its issue," etc.

That the ordinance is valid and that a broker who conducts business in violation of its provisions cannot recover commissions, must be regarded as settled by the decisions of

the Supreme Court. Braun v. Chicago, 110 Ill. 186; Banta v. Chicago, 172 *id*. 204; Douthart v. Congdon, 197 *id*. 349.

The services of plaintiff were rendered before he obtained a license. It is immaterial that after the services were rendered and before the lease was executed, he took out a license. Plaintiff performed his part of his contract with defendant when he procured a person willing and able to accept a lease on the terms offered by the defendant, but his acts in the performance of the contract being unlawful, they cannot be the basis of a recovery.

The license took effect from the date it was issued and cannot be given a retroactive effect so as to make valid acts of the plaintiff done between May 1 and October 30, 1907. Eckert v. Collott, 46 Ill. App. 361; Elsberry v. State, 52 Ala. 8; State v. Pate, 67 Mo. 488; Haworth v. Montgomery, 91 Tenn. 16.

We find no error in the record, and the judgment is affirmed.

*Affirmed.*