A. D. Cronstedt; A. D. Cronstedt and Ralph Berg, trading as Ralph Berg & Company, Appellees, v. Thomas T. McCormick, Appellant.

### Gen. No. 22,608.

BROKERS, § 28*—*when evidence is sufficient to support judgment for plaintiff in action for commission for exchange of real estate.* Where the plaintiff, an unlicensed real estate broker, on behalf of the defendant initiated and was the procuring cause of an exchange of defendant's property for other property which was effected after plaintiff had become a member of a firm which was duly licensed to conduct a real estate brokerage business, *held* that the evidence supported a finding and judgment for the plaintiff, in an action to recover a commission for effecting such exchange.

Appeal from the Municipal Court of Chicago; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 5, 1917.

ARTHUR A. BASSE, for appellant.

GURDON WILLIAMS, for appellees.

MR. JUSTICE DEVER delivered the opinion of the court.

This is an appeal from a judgment of the Municipal Court of Chicago for the sum of $175.

In November, 1914, the defendant, Thomas T. McCormick, listed for exchange a farm which he owned

---

in Reno county, Kansas, with the plaintiff, A. D. Cronstedt, a real estate agent. The evidence taken on the trial tends to prove that Cronstedt, at the time the property was listed with him, was not duly licensed to conduct a real estate business in Chicago; that in March, 1915, he became a member of the real estate firm of Ralph Berg & Company, and that on March 4, 1915, there was issued to this firm by the City of Chicago a broker's license expiring January 1, 1916; that on June 23, 1915, Cronstedt procured a broker's license to deal in real estate in his own name. This latter license it appears was taken out for the reason that Berg, a member of the firm, had on May 17, 1915, unexpectedly gone to Arizona; he returned to Chicago in July, 1915, and resumed his partnership relations with Cronstedt.

In the latter part of February, 1915, Cronstedt submitted to the defendant a building owned by Robert F. Schenck and located at 66th street and Ingleside avenue in Chicago. Cronstedt and McCormick together went to the Schenck building, and McCormick authorized Cronstedt to say to Schenck that he, McCormick, would trade his Kansas farm for the Schenck property subject to the incumbrance of $20,000. Schenck, through his agent, one Hanson, refused this offer but said he would trade if McCormick would take the Chicago building subject to an incumbrance of $22,000. McCormick refused to accept this offer. On April 13, 1915, McCormick gave to Cronstedt a written proposition for a trade of the properties which Cronstedt mailed to Schenck.

Cronstedt testified that he saw McCormick again in June, 1915, when the latter stated that he would not consider Schenck's proposition, and that he had in prospect a trade for another building; that he, Cronstedt, had had several conversations with McCormick with reference to the proposed exchange of the proper-

ties in August and October, 1915, and in January and February, 1916.

The evidence discloses that on May 11, 1915, McCormick and Schenck entered into a contract for the exchange of the properties in question, and mutual transfers thereof were made in July, 1915.

It is urged by the defendant that Cronstedt is not entitled to any commissions by reason of the exchange of these properties because he was not a duly-licensed real estate broker in Chicago at the time the transfer was made. There is not much merit in this contention. Cronstedt became a member of the Ralph Berg & Company firm in March, 1915, and at that time his firm was licensed to conduct a real estate brokerage business. The contract for the exchange of the property was entered into in May, 1915; the actual transfer took place in July of the same year. The evidence submitted on the trial by the plaintiff fairly tended to prove that he was the procuring cause of the exchange of the defendant's farm for Schenck's Chicago property. He and McCormick together examined the Schenck property, and it appears from the evidence that Cronstedt had exercised reasonable industry to bring about the exchange which was ultimately made by the parties themselves, during a period of several months.

The defendant denied that he had concealed from plaintiff the fact that he had entered into the contract with Schenck; he stated that he had informed plaintiff on several occasions of the fact of his relations with Schenck. On this subject there was a direct contradiction as between these parties, and the matter was one of fact for the determination of the trial court. There can be little doubt from this evidence that Cronstedt had in good faith given of his time and energy to bring about the exchange of the properties which was afterwards made, and we believe there is sufficient evidence in the record to sustain the findings and judgment of the trial court.

Complaint is made of the rulings of the trial court with reference to the admission of certain evidence. As to this complaint we do not think that any error was committed which would authorize a reversal of the judgment.

The judgment is affirmed.

*Affirmed.*