### 22449. Brown *et al.* v. Glass.

Jenkins, P. J. 1. The constitutional questions sought to be raised by defendant in error, challenging the validity of the act of the General Assembly approved August 18, 1919 (Ga. L. 1919, p. 125, Michie's Code, ·1926, § 1754(41) et seq.), do not meet the requirements laid down by the Supreme Court in *Montgomery & Atlanta Freight Lines* v. *Georgia Public Service Commission,* 175 *Ga.* 826 (4) (166 S. E. 200), and cit. Accordingly, exclusive jurisdiction of the writ of error is in this court, and not in the Supreme Court. *Forbes* v. *Savannah,* 160 *Ga.* 701, 702 (128 S. E. 806); *Conyers* v. *Luther Williams Banking Co.,* 162 *Ga.* 350 (133 S. E. 862).

2. It is a general rule that when a statute requiring a license and registration for those seeking to engage in the practice of a trade or profession is not for the purpose of raising revenue, but has for its primary intent the protection of the public from injury by preventing the practice of such trade or profession by incompetent, irresponsible, or unfit persons, none other than those meeting the prerequisites of the statute are authorized to engage in such practice. This is true whether the statute

expressly and in terms forbids it or not, or whether it imposes a penalty for noncompliance. The intent and purpose of the statute,—that is, whether enacted for the purpose of raising revenue or to protect the public welfare,—may be indicated to some extent by the revenue which the State may exact for itself, but more often and more clearly by the safeguards made to protect the public from being imposed upon by incompetent or unfit persons who might seek to engage in such practice. Such purpose and intent may be man'fested in various ways, such as requiring each person seeking a license to practice such trade or profession to first stand an examination by some prescribed authority as to his skill and knowledge in and of matters pertaining thereto, or by requiring applicants seeking registration to first give bond and security for the benefit of any who might be injured by wrongful or unskilful practice, or by requiring proof of good character before being licensed and registered. Any or all of these or other precautions may be made a prerequisite to registration for practice. In all such cases the mandate of the statute requiring such license and registration prior to the practice of such trade or profession is equivalent to a prohibition to engage therein without first complying with its provisions, whether expressly so stated or not, and whether or not a penalty for such violation be prescribed; the result being that a failure to comply with the requirements of such statute renders contracts made by those unauthorized to practice such profession void and unenforceable.

3. In the instant case the statute (Ga. L. 1919, p. 125; Michie's Code, 1926, § 1754 (41) et seq.), whose caption sets forth its purpose as being "an act to make it unlawful for any person to use the title of 'architect' in the State of Georgia," without first complying with the requirements therein imposed, seems throughout not only to studiously refrain from prohibiting the doing of work by any person for another such as might come within the scope of an architect's business as defined by the act, but the statute emphasizes throughout that the inhibition relates only to a person fraudulently posing as an architect when he in fact is not entitled to such a title. Under § 13 of the act, "any person wishing to practice architecture in this State, who, before this Act goes into effect, shall not have been engaged in the practice of architecture in this State under the title of architect, shall before being entilted to be, or known as, an architect, secure" a certificate as therein provided. As to the penalty, § 26 of the act provides as follows: "That on and after the passage of this act the use of the title Architect or Registered Architect, or the use of any word or any letters or figures indicated or intended to imply that the person using the same is an Architect or Registered Architect, without compliance with the provisions of this act," shall be deemed a misdemeanor. In other words, it is unlawful for any person not recognized by the governing authorities as an architect to do the work of an architect while falsely holding himself out as an architect. Work appropriate to the business of an architect, as defined by the act, is not prohibited in terms or by reasonable implication, but only the false pretense of serving under the patented name of "architect" when he in fact is not entitled so to do. In these respects the act in question is wholly different from the provisions of various other statutes relating

to other professions which have been dealt with by the courts. In those statutes,—such, for example, as those dealing with the medical profession,—the inhibition is not limited to merely practicing medicine under the pretense of being a doctor when he is not, but in practicing at all unless properly licensed.

4. The instant case being a suit for services by one who does not describe himself as an architect, and there being nothing in the petition to indicate that he held himself out as such to the defendant, or pretended to be an architect when in fact he was not, the court did not err in sustaining plaintiff's certiorari excepting to the judgment of the municipal court dismissing his suit on demurrer.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED FEBRUARY 1, 1933.

326

*Talley Kirkland, Fred W. Skinner,* for plaintiffs in error.
*John M. Seal,* contra.