22587. MEINHARD *v.* STILLWELL REALTY COMPANY.

DECIDED JULY 11, 1933.

*Gazan, Walsh & Bernstein,* for plaintiff in error.
*Frank P. McIntire, Charles D. Russell,* contra.

BROYLES, C. J.   As stated in the brief of counsel for the defendant in error, "Stillwell Realty Company brought its action against Mrs. Pauline Meinhard for compensation [alleged to have been] earned by petitioner in procuring Grant & Company as tenant of retail store property of the defendant in Savannah, Georgia." The petition as finally amended, especially when construed most strongly against the pleader, obviously *fails* to show that the plaintiff procured Grant & Company as the tenant for the property in question, or even that it, by its efforts, contributed in any material degree to the procuring of that concern as the defendant's tenant.

Furthermore, the petition discloses that the plaintiff was not given the exclusive right to procure a tenant for the defendant's property. "The fact that property is placed in the hands of a broker to sell does not prevent the owner from selling, *unless otherwise agreed.* (Italics ours.) The broker's commissions are earned when, during the agency, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner." Civil Code (1910), § 3587.   The provisions of that section apply where property is placed in the hands of a broker for the purpose of procuring a lease thereof.   9 C. J. 598.

Moreover, "it is incumbent on a person, whose right to recover on a contract is generally dependent upon his having been licensed, to plead and prove, as a part of his cause of action, that he had fully complied with the requirements of the license law, or else to plead and prove that, under the circumstances, the requirement was not applicable and he was not required to take out a

license or pay a license tax" (37 C. J. 261, § 142); and in the instant case the plaintiff admitted in its petition that it was required to be so licensed, and alleged, in effect, that it had fully complied with the requirements of the license law (Ga. L. 1925, p. 325, as amended by Ga. L. 1927, p. 307, and Ga. L. 1929, p. 316), but that allegation was not supported by the *facts* set forth in the petition. On the contrary, such facts plainly disclosed that the plaintiff had not "fully complied with the requirements of the license law." It follows that the petition failed to set out a cause of action. See *Padgett* v. *Silver Lake Corporation,* 168 *Ga.* 759 (149 S. E. 180); *Camp* v. *State,* 171 *Ga.* 25 (154 S. E. 436); Luce *v.* Cook, 227 Pa. 224 (75 Atl. 1098); Cronstedt *v.* Mc-Cormick, 203 Ill. App. 319; Kirk *v.* Rich, 156 Ill. App. 483; Roman *v.* Lobe, 243 N. Y. 51 (152 N. E. 461).

The petition as finally amended failed to set out a cause of action; and the trial judge erred in overruling the general demurrer interposed.

*Judgment reversed. MacIntyre and Guerry, JJ., concur.*