23054. DECATUR DEVELOPING COMPANY *v.* LANGFORD.

DECIDED OCTOBER 20, 1933.

*J. Howell Green,* for plaintiff.

*Cobb & Cobb, B. H. Burgess, H. O. Hubert Jr.,* for defendant.

GUERRY, J. The suit was on a note signed by the defendant, which showed on its face that its consideration was two shares of preferred stock and one share of common stock in the Community Hotel Corporation of Decatur, Georgia. The corporation was not in existence at the time of signing the subscription and note, but was afterwards created, and the subscription and note were assigned to the corporation. It was shown also that the movement to build the hotel originated in the Decatur Chamber of Commerce; and the Hockenbury System Incorporated of Harrisonburg, Pa., was authorized and employed to perfect the plans and

direct the sale of the stock for a stipulated commission. It was admitted that no statement was filed with the securities commission of Georgia by the Community Hotel Corporation, or its promoters for the sale of the stock, and that no license was obtained from the securities commission to sell such stock. The defendant gave the note sued on originally to three named trustees. The note was afterwards transferred to the Community Hotel Corporation of Decatur, Georgia, which transferred it as security to the Decatur Bank and Trust Company. The Decatur Bank and Trust Company was afterwards forced into the hands of the State banking department for liquidation, and the note was sold to the Decatur Developing Company as an asset of the bank. Plaintiff claims to be a holder in due course, and defendant denies this in his answer. The note fell due in equal installments, August 1, and October 1, 1926, February 15, June 15, and October 15, 1927. Credits appear thereon dated July 23, 1927, and October 22, 1927. Mr. Henderson, one of the trustees named in the note, testified that the credits on the back of the note were "made in my handwriting." Plaintiff claims that it is a bona fide purchaser for value, before maturity, and without notice of defenses as between the original parties, the Hotel Corporation and Langford, the defendant; also that, inasmuch as it is the transferee of the Decatur Bank and Trust Company, it is entitled to all the rights of a bona fide purchaser. The note itself shows that four installments were past due when a credit was placed thereon, and the last credit was placed thereon after the entire amount of the installments became due, there being also an acceleration clause in the instrument. The evidence is very meager as to when the transfer took place. J. W. Battle, connected in some way with the Decatur Bank and Trust Company, testified that the note sued on was secured by that bank as collateral for a loan made by it to the Hotel Corporation. He testified: "I do not remember when the original loan was made. . . . I can't give you the exact date when the note came to the Decatur Bank."

The facts presented in this case clearly show a transaction coming under the provisions of class "D" as defined by the act of 1920 (Ga. L. 1920, p. 256). See decisions of this court and of the Supreme Court cited in the headnotes, holding that any contract made thereunder was void and unenforceable when require-

ments of the statute were not complied with. The plaintiff insisted that it was a bona fide purchaser of the note and contract, before maturity, and was protected against defenses which might be set up as between the original parties. Under the act of 1912 (Ga. L. 1912, p. 153, Michie's Code, § 4294(196)), any person, company or corporation, agent or promoter, for the purchase-price of any stocks in any incorporated company, domestic or foreign, and sold by any agent, traveling salesman or promoter, traveling for the purpose of such sales, shall have expressed in the promissory notes or contracts taken for such stock the consideration of the same. The next paragraph (Michie's Code, § 4294(197), provides that a purchaser of such notes or contract with the consideration so expressed, whether taken before maturity and without notice, takes such notes or contracts subject to all the equities that might arise between the original parties thereto. The note sued on in this case had expressed in its face the consideration thereof. The Hockenbury System Incorporated had charge of, advised, directed, and controlled the sale of said stock through local committees and received its pay for such work and direction. This placed the sale of such stock under the provisions of the act of 1912, supra. The note taken carried the notice of its consideration on its face. A purchaser of such stock, although he became such before maturity and without notice, is subject, when bringing suit on such note or contract, to all defenses which might have been pleaded as between the original parties. It is even doubtful under the evidence in this case whether the Decatur Bank and Trust Company, the original transferee of the note, was a bona fide purchaser before maturity. The bank and its successors in title are presumed, as a matter of law, to be such holders, but the evidence in this case shows that the note contained credits placed thereon after the maturity of the last installment; and Mr. Henderson, who was a trustee in the note, testified that he placed such credit thereon. The evidence for the plaintiff does not disclose when the note came into its possession as collateral for an indebtedness by the Hotel Company. But nevertheless, we think that the note here sued upon comes under the provisions of the act of 1912 (Michie's Code, § 4294(197)), supra, which expressly provides that a purchaser of such a note takes the same subject to all equities and defenses as between the original par-

ties. The court therefore did not err in overruling the demurrer and in directing a verdict for the defendant.

*Judgment affirmed.* *MacIntyre, J., concurs. Broyles, C. J., dissents.*

BROYLES, C. J., dissenting. The negotiable-instruments act (Ga. L. 1924, p. 126) was passed after the enactment of the securities act (Ga. L. 1920, p. 250), and expressly repealed the act approved August 19, 1913, known as the "blue-sky law." In my opinion the negotiable-instruments law, which was in force when the note sued on in the instant case was executed, by implication so modified the law of negotiable instruments as contained in the securities act as to exclude the note in question from the operation of that law. I think that the court erred in overruling the demurrer to the defendant's answer, and in directing a verdict in favor of the defendant.