## 23728. FLEMING *v.* FOX FURNACE COMPANY.

JENKINS, P. J. Section 29 of the act approved August 17, 1920, known as the present Georgia "blue sky" law (Ga. L. 1920, pp. 250, 267; Park's Code Supp., 1922, § 2909 (mm) ; Michie's Code, § 2928 (73) ), provides that "every sale or contract of sale made by a dealer or his agent, or other person, coming within the provisions of this act, who has not first secured a license from the Securities Commission . . shall be void, and may be rescinded by the purchaser within one year, but not thereafter." Section 35 of the act (Park's Code Supp., 1922, § 2909 (rr) ; Michie's Code, § 2928 (73) ) further provides that "every sale and contract of sale made in violation of any of the provisions of this act shall be void at the instance of the purchaser at any time within twelve months from the date of such purchase, or contract of purchase; and the seller of the securities so sold in violation of any of the provisions of this act, and each and every solicitor, agent, or broker, of or for such seller, who shall have knowingly performed any act or in any way furthered such sale, shall be jointly and severally liable, upon tender to the seller or in court of the securities sold, to the purchaser for the amount paid, together with his reasonable attorney's fees in any action brought to recover such amount." A sale of corporate stock in violation of the foregoing act being voidable and not void (*Evans Co.* v. *Bryson,* 146 *Ga.* 278, 91 S. E. 71; *Niemeyer* v. *Dougan,* 31 *Ga. App.* 99 (4), 119 S. E. 544), and the purchaser's right of rescission and recovery of the purchase-price under the quoted sections being limited to a period of one year, upon a tender to the seller or in court of the securities bought,

and the pleadings and evidence in the instant attachment, brought by the purchaser against the defendant as the seller or dealer, to recover a payment on the purchase-price of stock as "for money had and received," showing without dispute a failure to bring an action or otherwise rescind until the lapse of more than a year after the transaction, as well as a failure to make the tender required, the trial court for this reason did not err in granting a nonsuit, irrespective of the questions actually raised and argued, as to whether the transaction was prohibited by the statute because of its consummation outside of the State, whether the money sought to be recovered was paid to the person actually selling the stock instead of to the defendant corporation, and whether the defendant was chargeable with the acts of the unlicensed salesman as its agent or on any other theory of responsibility which would render it liable for the money. The plaintiff does not seek relief under the securities law "by way of defense only," as was held permissible, notwithstanding the limitation of the statute controlling an affirmative action brought by him, in *Waycross Commercial Hotel Co.* v. *Tomberlin*, 173 *Ga.* 224 (160 S. E. 92), s. c. 41 *Ga. App.* 77 (3 a), 81, (152 S. E. 300), and *Shore Acres Properties Inc.* v. *Morgan*, 44 *Ga. App.* 128 (2) (160 S. E. 705).

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

Decided September 19, 1934.

. *Carl F. Hutcheson, Noah J. Stone,* for plaintiff.
*Charles G. Bruce, Robert S. Dennis,* for defendant.