MECHANICS LOAN & SAVINGS COMPANY v. MATHERS.

No. 12103. FEBRUARY 18, 1938.

Burress & Dillard, for plaintiff in error.

A. E. Wilson, contra.

JENKINS, Justice. ■ The court did not err in disallowing the amendment offered by the defendant to its answer, in this equity suit for injunction, where the subject-matter of the petition related to a described specific note, on which the defendant had brought suit and was seeking to subject collateral security; and where the defendant in its original pleadings had prayed a judgment for the amount of the note and a special lien against the collateral; and where in the proffered amendment the defendant sought to plead and obtain against the plaintiff a general judgment upon an additional, independent note, without showing that the latter note was in any way connected with the note and transaction involved in the original pleadings. See McGhee v. Penn, 144 Ga. 690 (87 S. E. 917).

■ Although the provisions of sections 29 and 35 of the "securities law" (Code, §§ 97-104, 97-418) fix a limitation period of twelve months upon the right to rescind a transaction consummated in violation of the provisions of that statute, such period of limitation upon the right to rescind does not prevent the purchaser from subsequently asserting a want of compliance with the statute, where it is done merely to defeat the plaintiff's alleged right of recovery and thus by way of defense only, and not for the purpose of can-

celing or rescinding the prohibited contract or to recover money or other thing of value paid or parted with by the purchaser in consideration thereof. *Waycross Commercial Hotel Co.* v. *Tomberlin,* 173 *Ga.* 224 (160 S. E. 92), affirming *Tomberlin* v. *Waycross Commercial Hotel Co.,* 41 *Ga. App.* 77 (3-a), 81 (152 S. E. 300) ; *Shore Acres Properties Inc.* v. *Morgan,* 44 *Ga. App.* 128 (2, 3) (160 S. E. 705).

■ This was a suit by a married woman, who executed a note for the purchase-price of an "investment certificate," to enjoin the payee from selling corporate stock, held as collateral security for the note, on the ground that the note was executed by her as surety for her husband and for his debt. The defendant payee filed a cross-petition, praying for a judgment against the plaintiff for the amount of the note, and a special lien against the collateral. The plaintiff then, several years after the execution of the note, filed an amendment, attacking for the first time the validity of the note, on the ground of the defendant's non-compliance with the "securities act." Code, §§ 97-102 et seq. Under the preceding ruling and the holding in *Ratliffe* v. *Hartsfield Co.,* 181 *Ga.* 663 (184 S. E. 324), that such an "investment certificate" as was here shown comes within the provisions of the "securities act," a recovery can not be had against the maker of a promissory note for the purchase-price of the certificate, unless there has been a compliance with the statute, even though the maker fails to set up such a defense until more than one year after the transaction. Accordingly, under the undisputed evidence admitted, as well as that excluded, to the admission of which exception was taken by special grounds, the court did not err in directing a verdict for the plaintiff maker against the payee of the note, where such evidence showed that the certificate in question did not materially differ from that in the *Ratliffe* case, and that there was no compliance with the "securities law." *Judgment affirmed. All the Justices concur.*