27848. COOPER *v.* SOUTHERN DISCOUNT COMPANY.

DECIDED JANUARY 17, 1940.

*Dorsey, Stubbs & Dorsey,* for plaintiff in error.
*Robert T. Efurd, Mose S. Hayes,* contra.

GUERRY, J. H. C. Johnson, Hal V. Carlton, O. L. Wood, and J. L. Cooper signed a note for $135, payable to the Consumers Loan and Savings Company for the purchase-price of a three per cent. investment certificate of the payee. The Southern Discount Company, as transferee of the note, brought suit against J. L. Cooper for a balance of $78.76 due thereon. Under the pleadings and the evidence, the officers and agents of the payee of the note and the transferee of the note, those making and receiving the transfer, were one and the same, and therefore the defendant could set up any defense against the transferee which he could have made against the payee. It appears, moreover, on the face of the note, that its consideration was the purchase-price of a class D certificate. The defendant pleaded that in issuing and selling such class D certificate the issuer had failed to comply with the law as set out in the Code, § 97-307 (4). The undisputed proof showed that the president, vice-president, and secretary-treasurer of the Consumers Loan and Savings Company, in attempting to comply with paragraph 4 of said Code section, filed affidavits, that of the vice-president being as follows: "I have been in the stock and bond business, dealing in securities, for the past fifteen years, licensed

to do business in Georgia, South Carolina, Alabama, and Tennessee. I have never been denied the privilege of doing business in any State. Nor have I ever been found guilty of fraud or doing anything unethical in the sale of any securities." The affidavits of the other two officers, with some little difference, were in effect the same as that just quoted. The officers of the company, in complying with the provisions of said section, should have stated the names and addresses of each of their employers for at least eight years before the filing of the statement, giving details as to time, place, and address of employer, and the reason for discontinuance of employment. Subjecting this affidavit and statement to the light of the test as laid down in the Code, § 97-307 (4), we determine that, while the information that the applicant had never been found guilty of a fraud or unethical conduct may be illuminative, it was not responsive to the Code section in question. He should have named each and every employer for whom he had worked during the eight years preceding the date of filing the statement. This he did not do. He should have given their addresses. He should have stated with reasonable accuracy the time and date he had worked for each, and the reason for terminating the employment. None of these requirements were complied with. The same criticisms may be urged against statements of the other two officers filing affidavits. The actual statements made may or may not have been conclusions or opinions; they were not responsive to the information required, nor were they a substantial compliance with the requirements.

The Code, § 97-104, declares that any sale and contract of sale made in violation of any of the provisions of this law shall be voidable at the instance of the purchaser at any time within twelve months from the date of such purchase. This applies where there is an action by the purchaser seeking a rescission of the contract on the grounds stated above. This does not prevent the buyer or purchaser of such stock or security from pleading *defensively*, in an action against him on the obligation assumed, a failure to comply with the provisions of this Code section. *Tomberlin* v. *Waycross Commercial Hotel Co.*, 41 *Ga. App.* 77 (3-a) (152 S. E. 300); *Felton* v. *Highlands Hotel Co.*, 165 *Ga.* 598 (141 S. E. 793, 57 A. L. R. 987); *Decatur Developing Co.* v. *Langford*, 47 *Ga. App.* 738 (171 S. E. 396). This defense is valid, as was held in *Witt* v. *Trus-*

*tees Loan & Savings Co.,* 33 *Ga. App.* 802 (127 S. E. 810), where it was said: "Where an action was brought by a corporation on a subscription for its stock, designated as securities in class 'D' under the 'securities act' (Ga. L. 1920, p. 250), it was a valid defense that the corporation, at the time of taking the subscription, had not complied with the provisions of section 13 of the act [Code, § 97-307 (4)], as to the filing of certain statements with the securities commission, notwithstanding a license had been applied for and obtained from the commission." See *Mechanics Loan & Savings Co.* v. *Mathers,* 185 *Ga.* 501 (2) (195 S. E. 429); *Brannan* v. *Ramsaur,* 41 *Ga. App.* 166, 177 (152 S. E. 282). The Supreme Court has decided that a certificate practically identical in all respects to the certificate in the present case is a class D security. *Ratliffe* v. *Hartsfield Co.,* 181 *Ga.* 633 (184 S. E. 324).

The defendant's answer set up this defense. The plaintiff demurred generally to the answer, and this demurrer was overruled. The evidence sustained the defense, and the court erred in finding for the plaintiff.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*