31187.   KNIGHT DRUG COMPANY *v.* NAISMITH.
31188.   KNIGHT'S PHARMACY COMPANY *v.* NAISMITH.

DECIDED MAY 3, 1946.

*Marvin O'Neal,* for plaintiffs in error.

*Robert E. Falligant,* contra.

FELTON, J. (After stating the foregoing facts.) The defendant demurred to each petition on the ground that it does not allege that the plaintiff had, prior to the services he alleged he performed, obtained a license for the year 1945 from the Georgia board of accountancy, nor that he had obtained from the proper authority in Chatham County and the City of Savannah a license or paid the tax required as a condition precedent to a recovery in this action. The Code, Ann. Supp., § 84-215 (Ga. L. 1943, pp. 363, 366), provides: "Within six months after this law takes effect [approved March 19, 1943], any person, or authorized representative of a corporation or firm, who shall be engaged in the practice of public accounting and who maintains an office for such purpose in the State of Georgia on the date of enactment of this law, shall apply for registration with the State board of accountancy, and upon the production of satisfactory evidence that such person or authorized representative of a corporation or firm was so engaged on said date, the board shall register such applicant. . . No person, firm, copartnership, association, or corporation after the date of enactment of this law . . shall engage in or use the style or title of public accountant unless the State board of accountancy has approved the qualifications of the registrant. Each such registered public accountant shall pay a registration fee of $5.00 and shall annually thereafter on or before July 1 of each year renew his registration by the payment of a fee of $5.00." Section 84-9902, Ann. Supp. (Ga. L. 1943, pp. 363, 368), further provides: "If any person shall hold himself out as having received a certificate provided for in chapter 84-2 on the subject of certified public accountants, or shall assume to practice thereunder as a certified public accountant, or use the initials 'C. P. A.' without having received such certificate or if the same shall have been revoked, he shall be guilty of a misdemeanor, and shall be sentenced to pay not exceeding $500 or less than $200. If any person, firm, corporation, or association shall hold himself out as having been registered as a public accountant as provided for in section 84-215, or shall assume to practice thereunder as a registered accountant without having been so registered by the board of accountancy of this State, or if said registration shall have

been revoked, he shall be guilty of a misdemeanor and sentenced to pay not exceeding $500 or less than $200. *Any person who shall violate any other provision of chapter 84-2 shall be guilty of a misdemeanor,* and shall on conviction be punished as provided by law." (Emphasis supplied.) The first statute enacted with reference to public accountants is to be found in the act of 1908 (Ga. L. 1908, p. 86), which as amended by the act of 1935 (Ga. L. 1935, p. 85), concerned itself only with certified public accountants; and while it did not make it unlawful for any person not recognized as a certified public accountant by the governing authorities to engage in public accounting, it did make it unlawful for one to hold himself out as having received the certificate from the State board of accountancy, when in fact he was not entitled to do so, and in this regard accountants under the law as it then stood came within the rule laid down in *Brown* v. *Glass,* 46 *Ga. App.* 323 (167 S. E. 722), construing a similar statute in regard to the architectural profession. From the language quoted above from the act of 1943 (Ga. L. 1943, pp. 363-369), we feel constrained to say, however, that the legislature in enacting this latter statute sought to control the profession of public accounting, and to prohibit all save those meeting the requirements of the statute from engaging therein, if they come within the definition of the statute. It is the general rule that the purpose and intent of the legislature in enacting a license statute, that is, as to the enactment of a revenue measure or a police regulation, is controlling in a determination of whether or not a failure to procure a license renders the contracts of the persons defined in the regulatory measure illegal and unenforceable, where made in the pursuit of such occupation or profession requiring a license as a condition precedent to engaging in such occupation or profession. Where the purpose of the statute is to regulate and control the occupation or profession under the police power of the legislature, "such purpose and intent may be manifested in various ways, such as requiring each person seeking a license to practice such trade or profession to first stand an examination by some prescribed authority as to his skill and knowledge in and of matters pertaining thereto, or by requiring applicants seeking registration to first give bond and security for the benefit of any who might be injured by wrongful or unskilful practice, or by requir-

ing proof of good character before being licensed and registered. Any or all of these or other precautions may be made a prerequisite to registration for practice. In all such cases the mandate of the statute requiring such license and registration prior to the practice of such trade or profession is equivalent to a prohibition to engage therein without first complying with its provisions, whether expressly so stated or not and whether or not a penalty for such violation be prescribed; the result being that a failure to comply with the requirements of such statute renders contracts made by those unauthorized to practice such profession void and unenforceable." *Brown* v. *Glass,* supra. Where the object of the statute requiring the payment of a license fee, or compliance with other provisions, as a condition precedent to carrying on or engaging in the business or profession, is to exact qualifications of the applicants or otherwise furnish protection to the public, even though the object of the statute may also include revenue, the inhibition implied from a penalty invalidates contracts made by persons defined in the regulatory measure. See *Taliaferro* v. *Moffet,* 54 *Ga.* 150; *Murray* v. *Williams,* 121 *Ga.* 63 (48 S. E. 686); *Padgett* v. *Silver Lake Park Corp.,* 168 *Ga.* 759 (149 S. E. 180). Therefore we conclude, that the act of 1943 (Ga. L. 1943, p. 363) was intended for the purpose of regulating the profession of public accounting, and that it is a condition precedent to engaging in the profession that persons wishing to engage therein obtain the license required or suffer the peril of having all their contracts declared void and unenforceable and the further peril of being indicted for a crime.

What we have just said, however, does not work a reversal of the judgment of the trial court overruling the demurrers to the petition. The petition does not show on its face that the plaintiff was engaged in the profession of public accounting, as defined by the statute, so as to be required to obtain a certificate or license, or if he was, that he had not complied with the law, and the petition was not subject to demurrer. These are matters of defense. *Suddath* v. *Blanchard,* 39 *Ga. App.* 262 (146 S. E. 798), states: "The law presumes that every man in his private and official character does his duty, until the contrary is shown, and where a person is required by law to do a certain act, the omission of which would make him guilty of crime or culpable neglect of

duty, it will be assumed that he has performed it, if there is nothing to show his non-performance." See also in this connection *Morgan* v. *Interstate Building &c. Assn.*, 108 *Ga.* 185 (33 S. E. 964), where it was stated: "In the next place, the demurrer raised the point that the petition failed to allege due compliance with the law requiring such institutions as the plaintiff to deposit a certain proportion of its securities with the State treasurer and execute a bond for the faithful performance of his duties. *This was certainly also a matter for defense;* for presumptively, as the corporation was permitted by the authorities of the State to carry on its business, they must have seen to it that the deposit had been made and the bond duly executed." (Emphasis supplied.) The statement in *Bernstein* v. *Peters*, 68 *Ga. App.* 218 (22 S. E. 2d, 614), and *Meinhard* v. *Stillwell Realty Co.*, 47 *Ga. App.* 194 (169 S. E. 732), that "it is incumbent on a person whose right to recover on a contract is generally dependent upon his having been licensed to plead and prove, as a part of his cause of action, that he had fully complied with the requirements of the license law, or else to plead and prove that, under the circumstances, the requirement was not applicable and he was not required to take out a license or pay a license tax," was not necessary to a decision of those cases because there was an effort in each of them to negative a defense which was held not to have been successfully done. We are controlled by the rulings in the cases cited above and in *Tomberlin* v. *Waycross Commercial Hotel Co.*, 41 *Ga. App.* 77 (152 S. E. 300), affirmed in *Waycross Commercial Hotel Co.* v. *Tomberlin*, 173 *Ga.* 224 (160 S. E. 92). See also, in this connection, the very strong physical precedent that these are matters of defense, in *Bower* v. *Smith*, 8 *Ga.* 74. This is not a criminal case, and the rule that a person charged with a crime, such as carrying a concealed weapon without a license, must show that he had the license in order to exonerate himself, is inapplicable. "In a civil action brought by a person pursuing an occupation required by law to be licensed, to recover for the value of services against a person to whom he has rendered such services, the general rule is that in the absence of any statutory provision affecting the question, the possession of a license will be presumed" (33 Am. Jur. 389, § 74); and the cases cited above from the Supreme Court

and this court indicate conclusively that this is the rule followed in Georgia.

This ruling is not to be construed to mean that, if the plaintiff's work did bring him within the purview of the statute and he had in fact obtained a license from the State board of accountancy as required by the statute, the mere failure to pay the annual fee for renewal of his license would preclude his recovery for his services. *Williams* v. *Ivey,* 177 *Ga.* 77 (169 S. E. 366) ; *Patterson* v. *Buck,* 49 *Ga. App.* 292 (175 S. E. 409).

The court did not err in overruling the demurrers to the petition in either case here under consideration.

*Judgments affirmed. Parker, J., concurs.*

SUTTON, P. J., concurring specially. The plaintiff sued the defendant on an account "for work done and services performed," an itemized statement of the account being attached to the petition; and a copy of the same is set out in the above statement in this case. The account sued on was for balancing and posting the books of the defendant company for the last three months in 1944, and for preparing and compiling 1944 State and Federal income tax returns for the defendant company. The part of its demurrer, which the plaintiff in error here (defendant below) insists that the court erred in overruling, is that the plaintiff "does not allege that he had, previous to the service he alleges he performed, obtained a license for the year 1945 from the Georgia State board of accountancy, nor that he had applied to said board for registration." There was no necessity for any such allegations in the petition, as it does not show that the plaintiff was engaged in the profession of public accounting, as defined by the statute, so as to be required to obtain a license from the State board of accountancy, or to register with said board. The defendant company contends in its brief that the Code, § 84-213, is applicable to the plaintiff. This section provides in part: "It shall be unlawful: For any person other than a certified public accountant, certified and registered as provided by this chapter, to practice as a certified public accountant, or hold himself out as, or assume to practice as a certified public accountant, or use the term 'Certified Public Accountant,' or the abbreviation 'C. P. A.'"

The petition does not show that the plaintiff was practicing as a certified public accountant, or holding himself out as such, or

that he used the term "Certified Public Accountant," or the abbreviation "C. P. A."

The petition does not show that he was engaged in the practice of public accounting, and that he maintained an office for such purpose in this State, or that he used the style or title of public accountant. See Code (Ann. Supp.), § 84-215.

It is within the legitimate province of a bookkeeper to balance and post books without obtaining a license as a certified public accountant or registering as a public accountant. Also, a person other than a public accountant or certified public accountant may legally prepare State and Federal income tax returns for another, without registering as a public accountant or obtaining a license as a certified public accountant.

The petition set out a cause of action, and was not subject to the defendant's speaking demurrer.