35323.   ASA WARREN CANDLER POST NO. 65,
AMERICAN LEGION, INC. *v.* GREGSON *et al.*

DECIDED OCTOBER 14, 1954—REHEARING DENIED DECEMBER 7, 1954.

270

*Sams, Wotton & Sams,* for plaintiff in error.

*Hamilton Douglas, Jr., Ross Arnold,* contra.

FELTON, C. J. ■ The court erred in overruling the general demurrer to the petition. Construing the petition and exhibits thereto against the plaintiffs, it necessarily alleges that the plaintiffs were architects and that they were acting as such in their dealings with the defendant. Paragraph 18 of the amended pe-

tition alleges: "Thereafter defendant, acting through Loring G. Henderson, advised petitioners that defendant had decided to dispense with the services of an architect." On some of the drawings submitted by the plaintiffs are the words, "Gregson & Ellis, Architects." The petition fails to allege compliance with Code § 84-302, and was for this reason fatally defective. *Cline v. Crane,* 90 *Ga. App.* 192 (82 S. E. 2d 175); *Mayo v. Lynes,* 80 *Ga. App.* 4 (2) ( 55 S. E. 2d 174); *Brown v. Glass,* 46 *Ga. App.* 323 (167 S. E. 722). It was permissible to substitute an action on implied contract for an action for the breach of an express contract. *Kraft v. Rowland & Rowland,* 33 *Ga. App.* 806 (2) (128 S. E. 812); *Southern Ry. Co. v. Campbell Coal Co.,* 41 *Ga. App.* 83 (1) (151 S. E. 661); *Bartow Guano Co. v. Adair,* 29 *Ga. App.* 644 (1) (116 S. E. 342).

■ The court erred in allowing the plaintiff's following amendment at the 1953 December term of the court: "Plaintiffs show that the plans and drawings furnished defendants had a reasonable value of $3,600," for the reason that at the November term, 1953, the court sustained a demurrer to paragraph 23 of the petition and ordered it stricken. *McCandless v. Conley,* 115 *Ga.* 48 (41 S. E. 256). No motion was made at the November term to alter, revoke, or modify the November term judgment sustaining the demurrer to paragraph 23 and striking it in its entirety.

The court erred in overruling the general demurrer to the petition and in overruling the objection to the amendment shown above. There is no no merit in the other exceptions to rulings on special demurrers. These errors rendered further proceedings nugatory.

*Judgments reversed. Quillian and Nichols, JJ., concur.*