44640. BOROUGHS, DALE & GRIFFIN v. ST. ELIAS EASTERN ORTHODOX CHURCH.

Submitted September 2, 1969—Decided September 19, 1969—
Rehearing denied October 3, 1969—

Swift, Currie, McGhee & Hiers, J. Lewis Sapp, Walter O.
Lambeth, Jr., for appellant.

Joe Salem, for appellee.

Deen, Judge. ■ "As a general rule, the action on a contract
. . . shall be brought in the name of the party in whom the
legal interest in such contract is vested, and against the party
who made it in person or by agent." Code Ann. § 3-108. The
contract on which this action is brought is between "Boroughs,
Dale & Griffin", the plaintiffs in the suit, and "St. Elias Eastern

Orthodox Church," the parties being designated respectively as architect and owner. On the signature line print-headed "Architect" are the signatures of Charles Boroughs, Horace Dale, Jr., and Knox Griffin. They are designated in the petition as a partnership, but in the depositions one of the plaintiffs stated: "We would think of it as a partnership or association, either one, we usually used the word association ourselves." Another referred to Griffin both as a partner and as "an interested party only." The facts were that Boroughs and Dale, both registered architects, had a partnership at the time and that they and Griffin, who was at the time unlicensed, entered into the agreement to build the church with the understanding that they would be associated in this enterprise only and that, after paying Boroughs and Dale at the rate of $7.50 per hour each for work time spent, the remainder of the fee would be considered profit and split equally between them. It was understood that Griffin, because he was not a registered architect, would be concerned with contracts and preliminary sketches and would not draw up completed plans; it is at least tacitly recognized in the depositions of all three that Griffin's share of the profit was at least partly recompense for his procural of the business. Their agreement among themselves meets most of the requirements for a joint enterprise. *Clement A. Evans & Co. v. Waggoner,* 197 Ga. 857 (30 SE2d 915). The plaintiffs designated themselves as a partnership, all parties to the contract were named, and had an equal interest in the net profit accruing from the contract and all of them were equally bound by it. In *Spence v. Woodman Co.,* 213 Ga. 573 (3) (100 SE2d 435) there was an attempt to sue an unincorporated association, which the court held ineffective, but it further held that those defendants who were named and served were individually bound. See also *Zaban v. Coleman,* 27 Ga. App. 376 (1) (108 SE 555). The three plaintiffs here, regardless of what their agreement with each other is termed, had a joint right of action on the contract for reimbursement for services they jointly promised to perform, if such services were in fact performed and unreimbursed, unless prohibited by some other rule of law.

■ It is contended, however, that since the plaintiffs agreed

"as architect" to perform the services, and since Griffin was not an architect, the contract is void under *Code Ann.* § 84-302 which provides in part: "Firms, companies, partnerships, associations, and corporations may prepare plans, drawings, and specifications for buildings and structures as defined by this chapter and perform the services heretofore enumerated common to the practice of architecture, provided that at least one of the chief executive officers . . . are registered architects," etc. Considering the agreement of the plaintiffs as a joint enterprise, it meets these conditions in that Boroughs and Dale were licensed architects. It is true that the contract and especially its signature line headed "Architect" did not meet the regulations of the State Board of Examination, Qualification and Registration of Architects, in that it failed to designate which of the parties were licensed and which was not, but the statute does not forbid and in fact specifically permits such organization, the regulations being merely the manner of seeing to it that the requirements are carried into effect. What is forbidden is for any individual or any firm no member of which is an architect to enter into such a contract for the performance of architectural services, and such contracts are void. *Brown v. Glass,* 46 Ga. App. 323 (167 SE 722); *Asa Warren Candler Post No. 65, American Legion v. Gregson,* 91 Ga. App. 269 (85 SE2d 488). In *Brown* it is stated: "The statute emphasizes throughout that the inhibition relates only to a person fraudulently posing as an architect when he in fact is not entitled to such a title. . . Work appropriate to the business of architect, as defined by the Act, is not prohibited in terms or by reasonable implication, but only the false pretense of serving under the patented name of 'architect' when he in fact is not entitled so to do." Hn. 3. It is uncontradicted that in the present case the governing authorities of the church wanted initially to do business with Griffin; they understood that Griffin could not handle the job alone because he was not in fact licensed as an architect, and they left to him the choice of associates and accepted Boroughs and Dale whom he proposed to them. It is of course true that these men did not comply with the last sentence of *Code Ann.* § 84-302 and "submit annually a

certification as to the name of its executive officer who is a registered architect," etc., but Boroughs and Dale complied with this requirement in their own partnership firm, of which Griffin was not a member, and the enterprise of building a single church was simply a joint enterprise between Griffin and the partnership of Boroughs and Dale for a single piece of business. The contract is not void, although a different result would be reached if none of the three had been a licensed architect, or if a fraud had been worked on the owner by any of them fraudulently misrepresenting himself to be a licensed architect when in fact he was not.

■ There was no assignment of the contract. Griffin, Dale and Boroughs bound themselves jointly to furnish the architectural services necessary to build the church, and whether or not they did so is the real subject of this lawsuit. During the course of construction the partnership of Boroughs & Dale became Boroughs, Dale & Smith, and this in turn became Dale & Smith, but this affects neither the rights nor liabilities of the signatories to this contract. Whether a part of the work agreed to be done by Boroughs, Dale and Griffin was in fact done by Smith is no ground for granting summary judgment, nor would it give Smith any right to sue on the contract. *Florida Coca-Cola Bottling Co. v. Ricker,* 136 Ga. 411, 417 (71 SE 734) ; *Council v. Teal,* 122 Ga. 61 (2) (49 SE 806). Nor, does Smith appear to figure in the case, except that some of the plats were signed "Dale and Smith," as to which the testimony of Dale suggests that they were Dale's personal work and done pursuant to the contract and for the benefit of Boroughs, Griffin and himself.

The motion for summary judgment centers upon whether under the circumstances shown here Dale, Boroughs and Griffin could jointly bring this action. We hold that it was properly brought in their names as the contracting parties.

It was error to grant the summary judgment.

*Judgment reversed. Bell, C. J., and Eberhardt, J., concur.*