## HILL *v.* HORSLEY.

FISH, C. J.  1. The petition was not subject to general demurrer.
2. While some of the allegations of the petition were subject to the special demurrer presented, and it was error to overrule the special demurrer, such allegations were not necessary to a recovery by the plaintiff. Without them the petition alleged, in substance, as follows:   On January 27, 1911, defendant, the owner of a certain tract of land, executed to plaintiff, a real-estate agent, a written power of attorney to sell the land and certain personalty therewith connected, at a stated amount;

defendant agreed to pay plaintiff five per cent. of the gross amount of the purchase-money, and further agreed "not to cancel this contract before January 1st, 1912, unless I pay him [plaintiff] the full amount of his commissions, same as sale was made;" before the date mentioned defendant, without the consent or fault of plaintiff, canceled the contract and refused to proceed with it; before this was done, plaintiff, in endeavoring to sell the property in accordance with the contract, had incurred expenses and performed services with proper diligence. A case was made by such allegations for the recovery of the amount agreed to be paid in case of cancellation by defendant before the specified date.

( a ) A consideration is valid if any benefit accrues to him who makes the promise, or any injury to him who receives the promise. Civil Code, § 4242.

( b ) This was not an action by a real-estate broker to recover commissions earned by reason of having produced a purchaser ready, willing, and able to buy and who actually offered to buy on the terms specified by the owner, but was based on a breach of the written contract not to cancel the authority of the real-estate agent to sell prior to a certain time.

( c ) The fact that property is placed in the hands of a real-estate broker to sell does not prevent the owner from selling, unless otherwise agreed. In the present case, however, it was agreed otherwise.

3. The uncontradicted evidence supported the case above stated; and there was no error in overruling the motion for a new trial, based upon the general grounds that the verdict was contrary to law and evidence and unsupported by the evidence.

*Judgment affirmed. All the Justices concur.*
JUNE 15, 1914.

Action for breach of contract. Before Judge Worrill. Terrell superior court. February 1, 1913.

*Guerry & Son* and *H. A. Wilkinson,* for plaintiff in error.
*W. H. Gurr, R. R. Marlin,* and *M. C. Edwards,* contra.