### 12969. GARFUNKEL *v.* BYCK.

The allegations upon which it was sought to recover a commission on the sale of real estate of the defendant did not state a cause of action, and the court did not err in sustaining the demurrer to the petition or in disallowing the amendment offered by the plaintiff.

DECIDED JUNE 13, 1922.

Complaint; from city court of Hall county — Judge Sloan. February 2, 1922.

*E. D. Kenyon,* for plaintiff.

*Charters, Wheeler & Lilly,* for defendant.

BLOODWORTH, J. A. J. & C. Garfunkel sued D. A. Byck, alleging that they were real-estate agents, and "that on the 30th day of April, 1920, said defendant being the owner of the premises

known as ʻ 121 West 36th Street,ʼ in the city of Savannah, Chatham county, Georgia, placed said property for sale in the hands of your petitioners, giving to them the exclusive authority to sell the same, and agreeing to pay, in the event of such a sale, a commission of 5% on the first $5,000 and 2-½% in excess thereof, based upon the valuation of $25,000, the terms of such agreement being embodied in the contract a copy of which is attached hereto, marked Exhibit ʻ A,ʼ and made a part hereof.    4th.    That thereafter and during the time that the said property was thus in the hands of petitioners for sale, the said property was sold for said sum of $25,000 during the time that petitioners had the exclusive authority to sell the same, under the terms of said contract.    5th. By reason of the sale of said property, after it had been placed in the hands of your petitioners for exclusive sale, and after they had taken charge of same for such sale and ·interested prospective customers, your petitioners were entitled to receive the commission as agreed upon in said contract, to wit, the sum of $750, in which sum defendant is indebted to plaintiffs.ʼʼ  ʻʻ Exhibit A,ʼʼ referred to in the petition, is as follows:  ʻʻ Savannah Real Estate Agents Association. Listing Blank.    (Standard Form.)    To A. J. & C. Garfunkel:  In consideration of your efforts to sell the following property, I hereby give the exclusive authority to sell the same. You are authorized to sell for the sum of $25,000 or any other price that may be agreed on hereafter, and I agree to pay you the regular commission adopted by the Savannah Real Estate Agents Association as noted on the back hereof, and I hereby agree to give ninety days notice in writing in the event of withdrawal of this property from you for sale.    Advertising to be at the discretion of the broker and all costs to be at expense of broker unless otherwise agreed upon in writing.    I have the right to enter into this contract and a good title will be delivered.    I do desire the property advertised.    The property to be sold is described as follows: Southeast corner of 36th and Barnard Sts. in Savannah, Ga., 121 West 36th St.    Witness my hand and seal at Savannah, Ga., this the 30th day of April, 1920.    D. A. Byck, Owner (L. S.). A. J. & C. Garfunkel, Broker.ʼʼ

The defendant filed a demurrer, only the 1st and 2d grounds of which need be considered by this court for a determination of ·the case.    These grounds are:  ʻʻ 1.    That said petition fails to set

forth any cause of action against this defendant, for that    (a)
the contract sued upon and annexed to the petition stipulates a
certain commission to be paid to plaintiffs by the defendant in
the event that plaintiffs shall make sale of the property therein
described, but the petition fails to allege that the plaintiffs made
sale of said property; (b)  it inferentially appears from said peti-
tion that plaintiffs did not make sale of said property; hence the
cause of action, if any, is for damages for an alleged breach of the
contract.    2.    That said petition fails to set forth any cause of
action against this defendant, for that the contract declared upon
and annexed to the petition is void for lack of mutuality and is
unilateral, for that    (a)   there is nothing in said contract making
it obligatory upon the plaintiffs to make any effort to sell the
property mentioned; (b)   that while in said contract the defend-
ant directs that the property shall be advertised, yet there is not
by the contract any obligation upon the plaintiffs to so advertise the
property, the advertising being discretionary with the plaintiffs."
Upon a hearing of the demurrer the judge passed the following
order:  " Demurrers 1 and 2 sustained, and 3 overruled.   Unless
amended to show sale by plaintiffs, or by defendant to purchaser
procured by plaintiffs, within ten days, case will stand dismissed
as of October 4, 1921."   On October 4 the plaintiffs offered to
amend the petition as follows:  " 1st.   By adding a new para-
graph,  .  .  to be known as Number 7, as follows:  7.   That
within five days from the date of the signing of the contract at-
tached, the defendant sold said property, without consulting the
plaintiffs, for $25,000, and deprived petitioners of their op-
portunity to sell same after having given them exclusive authority
to sell same until after ninety days notice in writing of his in-
tention to withdraw the property from sale, and no such notice
was ever given.   2d.   By amending the 5th paragraph of their
original petition by striking from said paragraph the following:
' Your petitioners were entitled to receive the commission agreed
upon in said contract,' and inserting in lieu thereof the following:
' Your petitioner was endamaged by the action of the said de-
fendant in the sum of $750, being a reasonable amount to which
they would have been entitled for their services rendered in the
sale of said property, if the defendant had not withdrawn the same
from sale during the period for which it had been placed in plain-

tiff's hands for sale, and refused to allow plaintiffs a reasonable opportunity to make a sale. After the property was placed in plaintiffs' hands for sale, plaintiffs began to interest prospective purchasers, and bona fide commenced to interest purchasers in the proposed sale." On the day on which this amendment was offered it was disallowed. Plaintiff in error excepts to the order sustaining the demurrer to the petition, and to the order disallowing the amendment.

The court did not err in its order of September 24, sustaining grounds 1 and 2 of the demurrer to the petition; nor in its order of October 4th, disallowing the amendment to the petition.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*