### 17316. DOBBS *v.* CONYERS *et al.*

STEPHENS, J. 1. A contract by which the owner of real estate lists the property with a real-estate agent for sale "exclusively for thirty days from date" will be construed as giving to the agent the right to an exclusive listing for thirty full days exclusive of the day upon which the contract is executed. 26 R. C. L. 740-742; 38 Cyc. 320, 321; Allen *v.* Effler, 144 Tenn. 685 (235 S. W. 67, 68); Lowman *v.* Shotkoski, 106 Neb. 540 (184 N. W. 107 (3). Where such a contract is executed on April 2, the last day upon which the agent can exercise the right therein given for an exclusive handling of the property is the 2d day of May.

2. Where such contract of exclusive listing provides that the owner agrees to pay to the real-estate agent the "regular real-estate commission if sold by [the agent] or any one else during that time," the word "sold" has reference, not only to an executed sale by the owner whereby a bond for title or a deed of conveyance is executed and delivered by the owner, but also to an executory contract of sale of the property made and entered into by the owner.

3. Where, during the term of the exclusive listing of the property and on the last day of that term, which was Saturday, May 2, the owner signed and accepted a written proposal to purchase the property, made by a purchaser through another real-estate agent, with whom the purchaser had made a deposit of a certain sum as earnest money, and where on that date the owner executed a deed of conveyance to the purchaser, and the purchaser executed notes payable to the owner for the balance due upon the agreed purchase-price, and also executed to the owner a deed to the property to secure the notes, but where all the papers bore date of May 4, which was Monday and two days after the expiration of the period of exclusive listing, and where it was agreed between the owner and the purchaser and the real-estate agent handling the transaction

Brokers, 9 C. J. p. 623, n. 63 New; p. 656, n. 44; p. 657, n. 57; p. 660, n. 65.

Time, 38 Cyc. p. 318, n. 65; p. 320, n. 78, 80; p. 321, n. 81.

that all the papers, together with the earnest money paid, should remain in the possession of the agent until the following Monday, and that on that day the papers would take effect and the trade be completed, if the agent having the exclusive listing had not sold the property to some one before the expiration of his contract on Saturday, and that if he did sell the property upon that day all the papers were to be turned back and cancelled, and where such agent did not in the meantime sell the property, and the sale of the property by the owner to the purchaser was executed, the inference is authorized that, although the papers were dated Monday, May 4, the owner and the purchaser entered into a valid agreement of sale upon Saturday, May 2, which would be automatically rescinded should the agent having the exclusive listing make a sale of the property in the meantime, but which would have full force and effect in the event such agent did not in the meantime make a sale of the property. It can not be said, as a matter of law, that the sale was not made upon Saturday, May 2, during the term of the exclusive listing of the property. Nor can it be said, as a matter of law, that the agent having the exclusive listing of the property was, in a suit by him against the owner for a breach of the contract, not entitled to the commission provided for in the contract.

4. Where the person who purchased the property first had her attention called to its being for sale by an advertisement of the real-estate agent who had the exclusive listing of the property, and where she made an appointment with that agent to inspect the property with a view to buying it, but the appointment was not filled, and where she afterwards, but during the period of the exclusive listing, dealt with another agent, and through him, during that period, made a proposal to buy the property, which proposal the owner afterwards accepted (whether during or after the period of exclusive listing is immaterial), the evidence is not sufficient to authorize an inference that the agent having the exclusive listing procured the purchaser.

5. In a suit by the agent having the exclusive listing, brought in the municipal court of Atlanta against the owner of the property, to recover the commission claimed under the contract, a verdict for the defendant was not as a matter of law demanded, and the direction of a verdict for the defendant by the judge of the municipal court was error. The appellate division of the municipal court therefore erred in not setting the verdict aside and granting a new trial. The judge of the superior court did not err in sustaining the certiorari and reversing the judgment of the appellate division of the municipal court.

> *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

Decided February 28, 1927. Rehearing denied March 5, 1927.

Certiorari; from Fulton superior court — Judge Humphries. March 4, 1926.

*Bryan & Middlebrooks, John A. Dunaway,* for plaintiff in error. *J. Lon Duckworth, McElreath & Scott,* contra.