30224. OCEAN LAKE & RIVER FISH CO. *v.* DOTSON.

DECIDED DECEMBER 3, 1943.

*O. E. Bright, Abrahams, Bouhan, Atkinson & Lawrence,* for plaintiff in error. *Hester & Clark,* contra.

SUTTON, J. The plaintiff sued the defendant to recover a certain sum he alleged was due him as commission under a sales-

agency contract for the sale of certain real estate. The petition was in two counts. Count one, as amended, alleged substantially as follows: That plaintiff was a licensed realtor; that on October 22, 1940, defendant entered into an exclusive sales-agency contract with plaintiff to sell certain lands therein described for $30,000, the material parts of said contract being as follows: "In consideration of your agreement to list and endeavor to sell the property hereinafter described, the undersigned, being the owner thereof, hereby gives you the exclusive right and authority to sell the property hereinafter described, for a period of three months from the date of this instrument. . . In the event a sale or exchange is made, or a purchaser procured therefor by you, by the undersigned, or by any other person, at the price above specified, or at any other price acceptable to the undersigned, during the life of this contract, or if sold or exchanged within three months after the termination of this contract, to any one, with whom you negotiated during the life of this contract, and whose name you have given the undersigned in writing prior to the termination of this contract, the undersigned agrees to pay you agent's commission in accordance with the schedule printed on the reverse side hereof. I agree to give you not less than ten days' notice in writing before the expiration of this agreement of my intention to withdraw said property from sale, or before the end of any renewal or renewals thereof, otherwise this agreement will be continued in force for an additional three months from its expiration and every three months thereafter until such notice is given;" that no written notice was given until July 18, 1942; that plaintiff listed the property and endeavored to make a sale thereof; that he devoted much of his time and the time of his employees to securing a purchaser, and placed a sign on the property advertising it for sale by him; that on April 8, 1942, during the period covered by the sales-agency contract, defendant entered into a sales-agreement for the property with the Chatham Realty Company, and that by reason of such sales-agreement the plaintiff was entitled to his commission of five per cent. on the purchase price of $31,250, which amounted to $1562, and judgment was sought in that amount.

Count two of the petition, as amended, alleged in substance that on August 15, 1942, during the period covered by the sales-agency contract, the plaintiff submitted to defendant a signed sales-agree-

ment executed by Bay Shore Builders Inc., for the purchase of the property for the sum of $31,250, which was submitted to defendant's attorneys, who marked same "approved as to form only," and that defendant failed and refused to carry out the sales-agreement and declined to accept the sales contract of the Bay Shore Builders Inc., but sold the property to the Chatham Realty Company for $31,250 by warranty deed dated August 17, 1942; that plaintiff fully performed all duties imposed on him by said sales-agency contract and fully carried out his agreement; that he secured a buyer who was ready, able, and willing to buy, and who actually offered to buy the property on the terms stipulated by the owner, but the defendant chose to sell to the Chatham Realty Company after plaintiff had complied in full with the terms of said sales-agency contract.

The defendant demurred to each count of the petition and to the petition as a whole on the ground that no cause of action was set forth. The judge overruled the demurrer, and the exception here is to that judgment.

In count one of the petition as amended the plaintiff contended that the defendant was indebted to him for specified commissions on the sale of certain property which the defendant sold to a third party after executing an exclusive sales-agency contract to the plaintiff, and after the plaintiff had listed the property for sale and placed a sign thereon that it was for sale by him, and after he had devoted much of his and his employees' time to securing a purchaser. The plaintiff did not sue to recover damages for breach of contract as in the case of *Hill* v. *Horsley*, 142 *Ga.* 12 (82 S. E. 225); but sued to recover a commission he alleged was due by reason of the sale made by the owner to a purchaser of its own procuring without any aid or assistance from the plaintiff and before the plaintiff succeeded in finding a purchaser ready, willing, and able to buy, and who offered to buy the property in accordance with the stipulations of the contract. This court has intimated that a contract by an owner to pay a real-estate broker commissions on all sales made by the owner himself within a specified period would be binding upon the parties, but that before such broker could recover his commissions on sales made by such owner, he must show that the sales were made while the contract was in force. *Humphries* v. *Smith*, 5 *Ga. App.* 340 (3) (63 S. E. 248). In the present case the defendant contends that the contract between it and

the plaintiff was never a binding contract capable of being enforced at law because it was unilateral and without any consideration to support it. Code, §§ 20-107, 20-301. The consideration expressed in the contract in the present case was the agreement of the plaintiff "to list and endeavor to sell" certain described lands of the defendant. In *Garfunkel* v. *Byck*, 28 *Ga. App.* 651 (113 S. E. 95), this court held that a similar contract wherein the consideration expressed was the plaintiff's "efforts to sell" certain described lands was unilateral and not binding upon the parties, and that a petition of a real-estate broker for commissions allegedly due under said contract by reason of a sale made by the owner to a third party was subject to general demurrer. In the present case the plaintiff alleged that after the contract was made he listed the property and endeavored to make a sale thereof and devoted much of his and his employees' time to securing a purchaser for the property, and in addition thereto that he had placed a sign upon the property advertising it for sale by him and that under these allegations the contract was not void for want of mutuality or lack of consideration. Code, § 20-302. In the case of *Barrington* v. *Dunwody*, 35 *Ga. App.* 517 (134 S. E. 130) a majority of this court held that a petition by a real-estate broker for damages for breach of a contract wherein the consideration expressed was the plaintiff's "efforts to sell" certain property therein described, and which alleged that after the execution of the contract the "petitioner fully performed his part of the contract by devoting his time to finding a purchaser for said property and advertising it for sale at his own expense," was subject to general demurrer under the ruling in *Garfunkel* v. *Byck*, supra. Count one of the petition as amended comes within the principles enunciated by this court in the cases of *Garfunkel* v. *Byck* and *Barrington* v. *Dunwody*, supra, which are controlling in the present case, and the court erred in overruling the general demurrer to count one of the petition as amended.

In count two as amended the plaintiff alleged that on August 15, 1942, while said property was listed with him under the exclusive sales-agency contract entered into with the defendant on October 22, 1940, he submitted to the defendant a sales-agreement executed by Bay Shore Builders Inc., agreeing to purchase the property for $31,250 to be paid in cash, which agreement was marked "approved in form only" by the defendant's attorneys, and that the defendant failed and refused to comply with said agreement

and sell the property to Bay Shore Builders Inc., but sold the property to Chatham Realty Company for $31,250 by warranty deed dated August 17, 1942; that the plaintiff fully performed all duties imposed on him by the contract and secured a buyer who was ready, able, and willing to buy and who actually offered to buy the property on the terms stipulated by the defendant, but that the defendant, instead of complying with his agreement with the plaintiff, chose to sell the property two days later to the Chatham Realty Company instead of to the purchaser produced by the plaintiff. "The fact that property is placed in the hands of a broker to sell shall not prevent the owner from selling, unless otherwise agreed. The broker's commissions are earned when, during the agency, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner." Code, § 4-213. "The general rule, in the absence of a different agreement, is that a real-estate broker in whose hands property is placed for sale earns his commissions when, during the agency, he finds a purchaser ready, willing, and able to buy, and who offers to buy on the terms stipulated by the owner." *Smith* v. *Tatum*, 140 *Ga.* 719 (79 S. E. 775). See also *Wilmot* v. *Silverman*, 26 *Ga. App.* 196 (105 S. E. 654); *Landrum* v. *Lipscomb-Ellis Company*, 62 *Ga. App.* 649 (9 S. E. 2d, 205), and cit.

Whether the plaintiff produced a purchaser during the term of the agency was an issue of fact to be determined on the trial. The contract of agency provided that it was for a term of three months from date, and a provision therein provided that it was to be automatically renewed every three months for an additional three-months term unless written notice was given to the plaintiff of defendant's intention to withdraw the property from sale. Under the allegations of count two, the contract would not have terminated until three months after the notice of July 18, 1942, which would have been October 22, 1942. Under the allegations of the petition as amended, the court did not err in overruling the general demurrer to count two of the petition.

*Judgment reversed as to the ruling on the demurrer to count one of the petition, and affirmed as to the ruling on the demurrer to count two thereof. Stephens, P. J., concurs.*

FELTON, J., concurring specially. I am of the opinion that each count set out a cause of action.