## 31439. IRISH *v.* FISHER.

DECIDED NOVEMBER 26, 1946.  REHEARING DENIED DECEMBER 12, 1946.

*Claud F. Brackett, Paul L. Lindsay Jr., Rache Bell,* for plaintiff in error.

*Lucian J. Endicott,* contra.

PARKER, J.  F. A. Fisher, trading as Fisher Realty Company, a real-estate agent engaged in the business of selling real estate, sued Mrs. Ruby Irish for $650 on a contract dated April 26, 1945, and signed by her, in the following words: "In consideration of services and expenses in connection with same, I hereby appoint Fisher Realty Company my agent, and give them the exclusive control for a period of 30 days, of the (selling) of the property described on the opposite side of this card, and agree that if said property is (sold) within that time I will pay them the regular real estate commission for same."  The suit was in two counts.  Count one alleged that the defendant sold the property on May 4, 1945, for $15,000, and that the plaintiff was entitled to $650 as the regular real-estate commissions on said sale.  Count two alleged that on May 4, 1945, the defendant stated to the plaintiff that she was withdrawing the property from the market, and instructing him not to sell it, and that on or about that date she sold the property herself and thereby damaged the plaintiff in the sum of $650.  Each count alleged that after the making of the contract the plaintiff carried out his obligations thereunder by advertising the property for sale.  It was not alleged in either count that the plaintiff sold the property himself, or that during the agency he found a purchaser ready, able, and willing to buy, and who actually offered to buy on the terms stipulated by the owner, or that the owner sold to a buyer procured by the plaintiff.

The defendant demurred to the petition as a whole and to each count therein on the ground that they did not state a cause of action; and because neither count alleged that the plaintiff procured a purchaser who was ready, able, and willing to buy, and who offered to buy on the terms stipulated; and to each count on the ground that the contract was unilateral and without considera-

tion and was not binding on the plaintiff. The court overruled these demurrers and error is assigned on that judgment.

"The fact that property is placed in the hands of a broker to sell shall not prevent the owner from selling, unless otherwise agreed. The broker's commissions are earned when, during the agency, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner." Code, § 4-213. The whole question here seems to be whether the contract relied on, appointing the plaintiff, trading as Fisher Realty Company, as agent of Mrs. Irish, and giving him "the exclusive control for a period of 30 days, of the (selling) of the property described," and agreeing that "if said property is (sold) within that time I will pay them the regular real estate commission for same," was such an agreement as would prevent the owner herself from selling after thus placing the property in the hands of a broker. This question seems to have been settled by rulings of this court. In *Garfunkel* v. *Byck,* 28 *Ga. App.* 651 (113 S. E. 95), the contract sued on gave the plaintiffs "the exclusive authority to sell" the property in consideration of their efforts to sell the same, and it was held that a demurrer to the petition upon the ground that it failed to allege that the plaintiffs had sold the property, and upon the ground that the contract was void for a lack of mutuality and was unilateral, was properly sustained. That ruling was followed in *Barrington* v. *Dunwoody,* 35 *Ga. App.* 517 (134 S. E. 130), and in *Ocean Lake & River Fish Co.* v. *Dotson,* 70 *Ga. App.* 268 (28 S. E. 2d, 319).

A general rule, supported by substantial and respectable authority, is stated in 64 A. L. R. 410 (ann.) as follows: "A broker who has been given an exclusive right for a definite time to negotiate a sale of property, and who has not succeeded in producing a purchaser ready, able, and willing to comply with the terms of the contract, at a time when the owner succeeds in making a sale himself, can not recover on the contract for the stipulated commissions. The reason for the rule is that the broker has not complied with the terms of the contract on which he seeks to recover." We think that the contract in this case merely granted to the plaintiff an exclusive agency, which at most prevented the employer from selling through the medium of another broker, but that it did not have the effect of preventing the owner from selling independently of all brokers and through her own personal efforts without being liable

for the payment of commissions. See 4 R. C. L. 260, § 12, and citations therein. Under this construction of the contract and the authorities cited, we are of the opinion that the petition did not set out a cause of action in either count, and that the court erred in overruling the demurrers.

Judgment reversed. *Sutton, P. J., and Felton, J., concur.*