31896. THOMPSON *v.* HUDSON.

808

DECIDED MARCH 18, 1948.  REHEARING DENIED APRIL 1, 1948.

*Grant, Wiggins, Grizzard & Smith,* for plaintiff.
*Dorsey & Dorsey, Kiliaen V. R. Townsend,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) ■ The first headnote of this decision is fully supported by the cases cited by the trial judge in the judgment complained of, and discussed at length in the briefs of counsel for both sides as follows: *Garfunkel* v. *Byck,* 28 *Ga. App.* 651 (113 S. E. 95); *Barrington* v. *Dunwody,* 35 *Ga. App.* 517 (134 S. E. 130); *Ocean Lake & River Fish Co.* v. *Dotson,* 70 *Ga. App.* 268 (28 S. E. 2d, 319); *Irish* v. *Fisher,* 74 *Ga. App.* 631 (40 S. E. 2d, 588).

■ The principles of law enunciated in headnotes 2 and 3 of this decision are demanded by the case of *Hill* v. *Horsley,* 142 *Ga.* 12 (82 S. E. 225). We quote from that decision, as follows: "On January 27, 1911, defendant, the owner of a certain tract of land, executed to plaintiff a real-estate agent, a written power of attorney to sell the land and certain personalty therewith connected, at a stated amount; defendant agreed to pay plaintiff five percent of the gross amount of the purchase-money, and further agreed 'not to cancel this contract before January 1st, 1912, unless I pay him [plaintiff] the full amount of his commissions, same as sale was made;' before the date mentioned defendant, without the consent or fault of plaintiff, canceled the contract and refused to proceed with it; before this was done, plaintiff, in endeavoring to sell the property in accordance with the contract, had incurred expenses and performed services with proper diligence. A case was made by such allegations for the recovery of the amount agreed to be paid in case of cancellation by defendant before the specified date. (a) A consideration is valid if any benefit accrues to him who makes the promise, or any injury to him who receives the promise. Civil Code, § 4242 [20-302]. (b) This was not an action by a real-estate broker to recover commissions earned by reason of having produced a purchaser ready, willing, and able to buy and who actually offered to buy on the terms specified by the owner, but was based on a breach of the written contract not to cancel the authority of the real-estate agent to sell prior to a certain time. (c) The fact that property is placed in the hands of a real-estate broker to sell does not prevent the owner from selling, unless otherwise agreed. In the present case, however, it was agreed otherwise."

The similarity of the instant case to *Hill* v. *Horsley,* supra, is striking. There the suit was based on the breach of a written

contract not to cancel the authority of the real-estate agent to sell prior to a certain time. Here the suit is based on the breach of a written contract to pay the plaintiff a certain amount if the property was sold by the plaintiff or another over a prescribed period of time during which the plaintiff was to try to sell the same. There the measure of damages in case of a breach of the contract was stipulated in the contract at 5% of the gross amount of the purchase-money. Here the measure of damages in case of a breach of the contract was stipulated in the contract at 10% of the gross amount of the purchase-money. There, before the breach of the contract, the plaintiff, in an effort to sell the property in accordance with the contract, had incurred expenses and performed services with proper diligence. Here the petition alleged that the plaintiff, in an effort to sell the property in accordance with the contract, incurred expenses and performed services with proper diligence.

As pointed out by the court in *Hill* v. *Horsley,* supra, "A consideration is valid if any benefit accrues to him who makes the promise, or any injury to him who receives the promise. Civil Code § 4242 [§ 20-302]." The court there also particularly pointed out that the action was not by a real-estate broker to recover commissions earned by reason of having produced a purchaser ready, willing, and able to buy, and who actually offered to buy on the terms specified by the owner, but was based on a breach of the written contract.

While counsel for the defendant insists upon a different construction of the provisions of the contract relating to the obligation of the defendant to pay if the property was sold by himself or another, we think that it means that the owner agreed to pay the broker 10% of the gross price if the property was, during the 90-day period specified in the contract, sold by the owner, or sold by anyone else, or sold through the broker or his instrumentality, or sold to anyone with whom he was negotiating for the sale of said property. Thus construed, we think that the contract was breached by the defendant when he sold either by himself or through another broker, and failed to pay the plaintiff broker the sum agreed in the contract.

The principles of law laid down in *Garfunkel* v. *Byck, Barrington* v. *Dunwody, Ocean Lake & River Fish Co.* v. *Dotson,* and

*Irish* v. *Fisher,* supra, which follow Code § 4-213, are here recognized. This section provides as follows: "The fact that property is placed in the hands of a broker to sell shall not prevent the owner from selling, unless otherwise agreed. The broker's commissions are earned when, during the agency, he finds a purchaser ready, able, and willing to buy, and who actually offers to buy on the terms stipulated by the owner." However *Garfunkel* v. *Byck, Barrington* v. *Dunwody,* and *Irish* v. *Fisher,* supra, are distinguished from *Hill* v. *Horsley,* supra, and the instant case, in that nothing in the contract expressly prevented the owner himself from selling the property during the life of the contract purporting to give to the plaintiff the exclusive right to sell, thus recognizing the first principle of law laid down in the quoted Code section. *Ocean Lake & River Fish Co.* v. *Dotson,* supra, is a case where the suit was brought for commissions alleged to have been earned and in which it appeared that the broker did not, during the agency, find a purchaser ready, able, and willing to buy, and who actually offered to buy on the terms stipulated by the owner, thus recognizing the second principle of law laid down in the quoted Code section.

In *Hill* v. *Horsley,* supra, and in the instant case, it is recognized that the fact that property is placed in the hands of a broker to sell shall not prevent the owner from selling unless otherwise agreed. In that case, as well as in this, it was otherwise agreed by the contracts sued upon.

*Hill* v. *Horsley,* supra, being a decision of the Supreme Court, not overruled, controls the decision in this case and is binding upon this court. We have distinguished the cases of *Garfunkel* v. *Byck, Barrington* v. *Dunwody, Ocean Lake & River Fish Co.* v. *Dotson,* and *Irish* v. *Fisher,* supra, on certain particulars, showing that those cases are not directly in point with the case at bar, as is the *Hill* case, supra.

The trial court erred in sustaining the general demurrer to the petition.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*