### 32263. WERDER *v.* BROWNE.

Decided January 21, 1949. Rehearing denied February 11, 1949.

588

*Clapp & Gaines, Raymond A. Mulkey,* for plaintiff in error.
*Grant, Wiggins, Grizzard & Smith,* contra.

FELTON, J. ■ Under the ruling by the Supreme Court in *Hill* v. *Horsley,* 142 *Ga.* 12 (82 S. E. 225), the contract here involved was not void for want of mutuality. In that case the action was for breach of contract and not to recover for commissions earned under the terms of the contract. The only practical difference between that case and this one is that in this case no measure of damages is provided in the contract in the event of a breach. This court, in *Thompson* v. *Hudson,* 76 *Ga. App.* 807 (47 S. E. 2d, 112), a case very similar to *Hill v. Horsley,* supra, followed the Supreme Court ruling. A number of cases decided by this court where actions were brought for commissions under similar contracts have held the contracts void for want of mutuality. If these are contrary to the Supreme Court ruling, it, of course, governs. It seems to the writer, speaking for himself alone, that the rulings in the cases by this court should have been based on the theory that the petitions set forth no cause of action on the contracts for commissions for the reason that no compliance with the terms of the contract was alleged—in other words, because the commissions were not earned under the terms of the contract. The court did not err in holding that the contract was not void for want of mutuality.

The petition alleged that the exclusive agency was to be in effect from date of agreement to "on or about the 15th day of June, on which date defendant anticipated removing with his family to the City of Miami, Florida." The alleged date on which the contract was to come to an end is not so vague and indefinite as to render the contract void and unenforceable. The date on which the defendant anticipated removing with his family to Miami, Florida is a definite time, capable of being sustained by proof. The court did not err in holding that the contract was not too vague and indefinite to be enforced.

Only a general demurrer was filed, so no ruling is called for as to what is the correct measure of damages for a breach of such a contract where the contract does not itself provide therefor.

The court did not err in overruling the general demurrer.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*