36081. BRADBURY *et al. v.* MORRISON.

DECIDED APRIL 4, 1956.

706

*Poole, Pearce & Hall,* for plaintiff in error.

*Augustine Sams,* contra.

QUILLIAN, J. The plaintiffs in error will be referred to as the defendants, and the defendant in error as the plaintiff, they having occupied these respective positions in the trial court.

■ The plaintiff's right of action depends upon whether, under the allegations of the petition as originally drawn or under the averments of the petition as finally amended, the defendants are shown to be liable to him for commissions on two lots that they themselves sold.

The contract by which the defendant Bradbury originally employed the plaintiff to sell certain lots owned by Bradbury constituted the plaintiff Bradbury's exclusive agent for the purpose, but did not stipulate that Bradbury as owner of the lots could not sell them. As the matter then stood, the sale of the lots by Bradbury clearly did not render him liable to the plaintiff for commissions. This is true for the reason that the rule is well established by the courts of this State that, though the owner appoints a real-estate broker his exclusive agent to sell designated property, in the absence of a contractual provision to the con-

trary the owner may sell his own property without incurring liability to the broker for commissions. Code § 4-213; *Garfunkel v. Byck*, 28 *Ga. App.* 651 (113 S. E. 95); *Barrington v. Dunwoody*, 35 *Ga. App.* 517 (134 S. E. 130); *Ocean Lake &c. Co. v. Dotson*, 70 *Ga. App.* 268 (28 S. E. 2d 319); *Irish v. Fisher*, 74 *Ga. App.* 631 (40 S. E. 2d 588). And see generally the annotation to *Isern v. Gordon*, 127 Kan. 296 (273 Pac. 435), in 64 A. L. R. 395.

However, the petition contains the further averment that, after a partnership was formed by the defendants Bradbury and Pratt and Pratt became vested with an interest in the lots, the defendants recognized the plaintiff's exclusive right to sell the lots that they themselves sold and agreed to pay him commissions in a named amount. The petition further related that the defendant Pratt, subsequently to the formation of his partnership with Bradbury, agreed that the plaintiff was to be paid commissions of a certain percent of the lots sold by the defendant partners. Both of these alleged agreements, if supported by valid consideration flowing to the partnership, would have been such a novation or change in terms of the contract as to entitle the plaintiff to the fees he alleged were promised him. But the petition, neither as originally drawn nor as subsequently amended, shows that there was any consideration for the new agreements. Hence they fall into the category of a nudum pactum and are unenforceable. The ancient rule that a novation must be supported by some new consideration must be recognized. Code §§ 20-115, 20-301; *Purser v. Rountree & McAfee*, 142 *Ga.* 836 (83 S. E. 958); *Collier Estate v. Murray*, 145 *Ga.* 851 (90 S. E. 52); *Widincamp v. Patterson*, 33 *Ga. App.* 483 (4) (127 S. E. 158); *Wimberly v. Tanner*, 34 *Ga. App.* 313 (129 S. E. 306).

The petition as amended set forth no cause of action.

*Judgment reversed. Felton, C. J., and Nichols, J., concur.*