46220, 46221.   STONE v. REINHARD et al.; and vice versa.

ARGUED MAY 4, 1971—DECIDED ·JULY 14, 1971—
REHEARING DENIED JULY 29, 1971—

Troutman, Sams, Schroder & Lockerman, Dean Booth, Ezra H. Cohen, for appellant.

McDonald, Dupree, Channell & Rodriguez, Hylton B. Dupree, Jr., for appellees.

DEEN, Judge. ■ A real estate brokerage contract granting an exclusive selling agency or right to another will not prevent the owner from selling the property without liability for commissions where there is nothing in the contract expressly restricting the owner's right. Moore v. May, 10 Ga. App. 198 (73 SE 29); Irish v. Fisher, 74 Ga. App. 631 (40 SE2d 588); Bradbury v. Morrison, 93 Ga. App. 704 (92 SE2d 607); Code § 4-213. Garfunkel v. Byck, 28 Ga. App. 651 (113 SE 95) might well have stood for no more than this. In that case a demurrer to a petition for brokerage fees was interposed on the ground that plaintiffs did not sell the property and that the contract was unilateral; the petition was dismissed and this court affirmed without discussion. Barrington v. Dunwody, 35 Ga. App. 517 (134 SE 130) affirmed the dismissal of a similar petition without other discussion than to say it was controlled by Garfunkel; the dissenting opinion shows that the writer thought the question to be whether or not the contract was unilateral, and this view was apparently taken in Ocean Lake &c. Fish Co. v. Dotson, 70 Ga. App. 268 (28 SE2d 319), where the case was held controlled by Garfunkel and Barrington. However, Garfunkel,

*Barrington* and *Ocean Lake* were all construed in *Bradbury v. Morrison,* 93 Ga. App. 704, supra, to have been affirmed on the basis that "though the owner appoints a real-estate broker his exclusive agent to sell designated property, in the absence of a contractual provision to the contrary the owner may sell his own property without incurring liability to the broker for commissions." All three cases are authority for this proposition, which weakens the contention that they were decided on the theory that a contract such as here dealt with is unenforceable because unilateral. The most that can really be said on close inspection is that, for one or both of the above reasons, they were held defective.

In *Thompson v. Hudson,* 76 Ga. App. 807 (1) (47 SE2d 112) the rule was accepted that an agreement to pay the agent upon the sale by the agent, the owner, or anyone, "said contract not requiring any particular acts or efforts on the part of the other party to sell said property" is unilateral in its inception but becomes bilateral when the agent has in fact expended time, money and effort in attempting to effectuate the sale. The same result was reached in *Pfarner v. Poston Realty &c. Agcy.,* 109 Ga. App. 14 (134 SE2d 835), *Garfunkel, Irish,* and *Bradbury* being there distinguished on the ground suggested in *Barrington*—that the contracts in those cases contained no prohibition against the owner selling on his own initiative. The same result was reached in *Werder v. Browne,* 78 Ga. App. 587 (51 SE2d 567), following the *Thompson* case and holding that a contract agreeing to pay the broker his commission upon sale of the property by the broker, the owner or any agent of the owner in exchange for the promise to expend efforts to achieve such sale is not void as lacking mutuality. To the same effect see *Pfarner v. Poston Realty &c. Agcy.,* 109 Ga. App. 14, supra; *Dobbs v. Conyers,* 36 Ga. App. 511 (137 SE 298).

Under these authorities, the broker has the burden of proving two things in order to recover. One is the contract, containing a definite promise to pay him regardless of whether or not he is the procuring cause of the sale. The other is that the broker has in fact lived up to his obligations under the contract. The promise as stated in this contract is "to list, offer for sale and endeavor to sell" upon the terms stated in the contract or any other terms acceptable to the owner. The plaintiff's affidavit shows that there

were efforts to find prospects, show them the property, and relay offers to the owner. It is accordingly a jury question whether or not there was such compliance with the contract as to entitle the plaintiff to commissions. If so, the fact that the land was sold by the owners or by a third person would not cut off the plaintiff's right to payment.

■ The evidence is undisputed that at no time did the plaintiff broker produce a prospective purchaser ready, willing and able to buy at the price of $2,000 per acre. Assuming that he did relay the names of prospects who were interested in purchasing at a lesser figure but was told that the defendants had no interest in selling at that time, would such an effort be a compliance with contract provisions? The listing agreement says in part: "I hereby further agree . . . to pay you the regular Atlanta Real Estate Board ·. . . rates of commission covering such transactions . . . whether such sale be made by you or me, or by any other person acting for me or in my behalf, upon the terms hereinafter mentioned, or upon any other terms acceptable to me . . . price for which said property is to be sold is $2,000 per acre determined by accurate survey. Terms of Sale: All Cash at Closing . . . Remarks: 1. The real commission on this sale is to be 10% of the sale price." The contention is that the word "terms" does not include "price" and that an offer to purchase at any price greater or lesser than $2,000 per acre would not be a compliance with the contract, whether acceptable to the seller or not. "The word 'terms' is defined as 'propositions, limitations, or provisions, stated or offered, as in contracts, for the acceptance of another and determining the nature and scope of the agreement." *Moore v. Wells,* 212 Ga. 446, 450 (93 SE2d 731). *Code* § 20-107 stipulates that consideration and assent of the parties to the terms of the contract are legally essential; here, obviously, price or consideration is a "term" of the contract. To construe this agreement otherwise would be to hold the contract void if the land was not sold for exactly $2,000 per acre even though it was in fact sold entirely through the efforts of the plaintiff. Nothing in the document suggests that such a result was intended.

Under the contract provisions for sale under the terms stipulated "or any other terms acceptable to me," an offer to buy for a

lesser price procured and submitted to the defendants by the plaintiffs would constitute performance. A bona fide attempt to procure such an offer would also be sufficient. This remains a jury question which cannot be resolved on summary judgment.

■ The trial court also held in granting the motion in favor of the defendants that the unusual length of time stipulated as the duration of the sales agency agreement (fifteen years) constituted an unreasonable restraint on the alienation of the property, was contrary to public policy, and was repugnant to the fee simple estate of which the defendants were the owners. We disagree. Option and lease contracts are frequently entered into for longer periods of time; the rule against perpetuities is not violated; there is no rule of law which otherwise limits the duration of an employment, agency, or brokerage contract if the parties see fit to bind themselves over a lengthy period of time. "It is essential to all business relationships that the validity . . . of written contracts, freely and voluntarily executed, be upheld. It would be tragic if all such contracts were jeopardized by a rule of law that would permit one of the parties thereto, because of dissatisfaction therewith, to go into court and by oral testimony establishing conduct short of fraud and reasonable diligence obtain nullification of a written contract." *Lewis v. Foy*, 189 Ga. 596, 601 (6 SE2d 788); *Prince v. Friedman*, 202 Ga. 136, 138 (42 SE2d 434). The owner could and did sell the property and presumably conveyed good title thereto. Its alienation was not restrained. The provision contravenes no public policy rule stated in *Code Ann.* § 20-504. While restrictions in contracts operating to inhibit free or competitive employment are on occasion held void as specifying an unreasonable length of time, similar restrictions involving only the sale of a business enterprise are usually held to be a matter to be decided by agreement between the parties. *Orkin Exterminating Co. v. Dewberry*, 204 Ga. 794, 803 (51 SE2d 669). Courts have no power to redraw contracts because one or the other party thereafter feels that he has been disadvantaged. The trial court accordingly erred in holding that the contract was void as a matter of law and in granting summary judgment to the defendants.

■ The enumerations of error in the cross appeal are without merit.

*Judgment reversed in Case No. 46220. Judgment affirmed in Case No. 46221. Bell, C. J., concurs. Pannell, J., concurs in the judgment only.*