50095, 50096. CONTRACT MANAGEMENT CONSULTANTS, INC. v. HUDDLE HOUSE, INC.; and vice versa.

Clark, Judge.
This is an appeal and cross appeal from the denial of plaintiff's and defendant's respective motions for summary judgment.

Plaintiff, Contract Management Consultants, Inc., a business broker, sued to recover commissions claimed to be due pursuant to an exclusive agency agreement for the sale of a Huddle House franchise. The agreement reads, in material part: "It is hereby agreed that consultant [plaintiff] shall have the exclusive right, to represent the company [defendant] with regard to the sale, subject to the terms hereof, of a (Franchise) agreement with regard

to Huddle House, No. 14, located at 491 Peachtree Street, NE, Atlanta, Fulton County, Georgia, for a period of ninety (90) days from the date of this agreement. The terms of the agreement which company shall require to be executed with regard to said franchise, shall be determined by company and shall contain such conditions and provisions as company in its sole discretion may determine. It is agreed by and between the parties that only the execution of an agreement, determined by Company, shall constitute performance by the Consultant hereunder.

"It is further agreed by and between the parties that the company retains the right to make the sole determination as to whether the individual offered by the consultant as a prospective operator (Franchisee) will be accepted or rejected by company. Consultant acknowledges that performance under a Huddle House (Franchise) agreement depends to a large extent on the ability of the individual and does further acknowledge that company is in a better position to determine the ability of the individual than the consultant. Accordingly, consultant does hereby agree that company may with or without cause reject any person offered by it as a potential Huddle House (Franchisee) operator.

"It is further agreed that if a sale is made, and only if a sale is made, to a person accepted by company during the exclusive period above stated, or a sale made at any time thereafter to any party that has been referred by consultant, a commission of ten (10) percent of the full sales price shall be paid to consultant immediately upon receipt of full payment or 50% of any earnest money that may have been forfeited by a prospective buyer."

The complaint alleged that on or about December 5, 1969, plaintiff and defendant entered into the above agreement; that during the ninety day exclusive period defendant either sold or arranged to sell the interests referred to in the agreement; and that plaintiff is entitled to its commission in accordance with the terms of the agreement. Defendant denied the allegations of the complaint, set forth nine additional defenses and counterclaimed.

The case proceeded to discovery and plaintiff served

its first interrogatories and request for admissions upon defendant. Defendant responded by filing objections with regard to both the interrogatories and request for admissions. On February 1, 1973, the trial court issued the following order concerning the discovery objections raised by defendant: "The within objection to interrogatory as to Huddle House No. 11 is hereby sustained." (We take this to mean that defendant's objection to plaintiff's eleventh interrogatory was deemed meritorious). Nothing was said in the order, however, with regard to the remaining objections to the interrogatories or the objections to the request for admissions.

Defendant took no steps to answer the remaining discovery inquiries until July 27, 1973. On that date, defendant filed answers to a majority of the remaining interrogatories; however, defendant made no attempt to answer plaintiff's request for admissions; and they remain unanswered at this time.

Motions for summary judgment were filed by both parties. Both motions were denied and these independent appeals were taken via certificate.

1. On September 5, 1974, the trial court issued the following order: "Upon review of the record in this action, and after considering same, it is hereby ordered and adjudged that defendant's objections to plaintiff's request for admissions of facts came on to be heard by this court, and were heard by this court, on January 5, 1973, and that an order, dated February 1, 1973, of this court was issued covering all matters in this action heard by this court on January 5, 1973." In reliance upon this order, plaintiff argues that inasmuch as defendant's objections to the request for admissions were considered by the trial court along with defendant's objections to interrogatories; and inasmuch as the court sustained defendant's objection to only one of plaintiff's interrogatories; defendant's remaining objections (including the objections to the request for admissions) were "impliedly overruled."

The request for admissions covers all of the issues raised by the pleadings; and the wholesale admission of the request, therefore, would eliminate the need for a trial. Thus, plaintiff continues, since defendant has failed

to answer the request for admissions it has admitted, in effect, plaintiff's right to judgment; and the denial of plaintiff's motion for summary judgment was, therefore, error. We disagree.

Where a party fails to file an answer *or an objection* to a request for admissions within 30 days after service of the request (or 45 days after the service of the summons and complaint) the requests are deemed admitted as a matter of law (Code Ann. § 81A-136 (a)); and if the matters admitted establish that no genuine issue of material fact exists, an award of summary judgment is proper. *Mountain View Enterprises v. Diversified Systems,* 133 Ga. App. 249 (211 SE2d 186). As defendant filed timely objections to plaintiff's request for admissions, it cannot be said that the requests were admitted pursuant to Code Ann. § 81A-136 (a).

Nor can it be said that defendant has admitted the requests by failing to submit answers after its objections were "impliedly overruled." For assuming, but not deciding, that the trial court did overrule defendant's objections to the request for admissions by its order of February 1, 1973, it did not then become incumbent upon defendant to answer the requests in the absence of an order so directing the defendant. Where a court determines that an objection to a request is unjustified, it must then order the responding party to answer the request: "The party who has requested the admissions may move to determine the sufficiency of the answers or objections. *Unless the court determines that an objection is justified, it shall order that an answer be served.*" Section 36 (a) of the Civil Practice Act (Code Ann. § 81A-136 (a)). (Emphasis supplied.) As no such order was entered, the defendant was not compelled to answer plaintiff's requests; and the requests were not admitted by defendant's mere inaction.

The court did not err in denying plaintiff's motion for summary judgment upon the ground asserted.

2. Despite the existence of an agreement granting an exclusive selling agency or right, an owner may sell his property to another without incurring liability for commissions unless the agreement *expressly* restricts the owner's right to sell. *Garfunkel v. Byck,* 28 Ga. App. 651

(113 SE 95); *Barrington v. Dunwoody,* 35 Ga. App. 517 (134 SE 130); *Ocean Lake &c. Co. v. Dotson,* 70 Ga. App. 268 (28 SE2d 319); *Stone v. Reinhard,* 124 Ga. App. 355, 356 (1) (183 SE2d 601); Code § 4-213. See generally, Rogers, Compensation of the Georgia Real Estate Broker, 6 Ga. L. Rev. 375 (1972). While recognizing this rule, plaintiff nevertheless asserts that the trial court properly overruled defendant's motion for summary judgment as to plaintiff's claim. The basis of plaintiff's assertion is that the agency agreement does, in fact, restrict the defendant's right to sell. This assertion lacks merit. We find nothing stated within the agency agreement which expressly limits the defendant's right to sell its property.

Nevertheless, because of principles applicable to summary judgments, we must conclude the court below properly denied defendant's motion.

The contract provides that if a sale is made by defendant to any party who has been referred to defendant by plaintiff, then plaintiff is entitled to its commission. An examination of the evidence submitted shows that the record is silent on this phase. The purchaser worked for defendant for nine years; that he supervised various Huddle Houses in the area and was therefore familiar with the Huddle House brass; and that he talked with the owner of Huddle House for several months about franchising defendant's units before he was asked by defendant if he was still interested in purchasing them.

While these facts might lead us to infer the purchaser was not procured by plaintiff, there is no affirmative showing by defendant that the purchaser was not so procured.

"The defendant, having made the motion for summary judgment, must produce evidence which conclusively negates at least one essential element entitling plaintiff to a recovery under every theory fairly drawn from the pleadings and the evidence... The grant of a summary judgment may be improper where, at the trial, the grant of a directed verdict may be proper, when the party making the motion for summary judgment is not required to carry the burden on the trial of the case." *Werbin & Tenenbaum v. Heard,* 121 Ga. App. 147 (2, 3)

(173 SE2d 114). See also, *Central of Ga. R. Co. v. Woolfolk Chemical Works,* 122 Ga. App. 789, 795 (178 SE2d 710); *Burnette Ford v. Hayes,* 124 Ga. App. 65, 66 (183 SE2d 78); *Morrow v. Thomason,* 127 Ga. App. 309 (193 SE2d 256).

*Judgments affirmed in the main appeal and cross appeal. Pannell, P. J., and Quillian, J., concur.*

ARGUED JANUARY 10, 1975 — DECIDED APRIL 17, 1975.

*Goodman & Whitmer, James E. Goodman,* for appellant.
*William P. Smith, III,* for appellee.