## 66615. BLOUNT v. SECKINGER REALTY COMPANY.

QUILLIAN, Presiding Judge.

Defendant-appellant Blount entered into a written agreement, entitled Exclusive Listing Contract, with plaintiff-appellee Seckinger Realty Company, authorizing appellee to sell real property owned by appellant. The agreement was for a period of 90 days and stated the following: "I (appellant) agree to pay you 10% of the sales price as commission, providing said property is sold . . . before the expiration of this agency, . . . whether such sale . . . is made by you, or by anyone else including myself." Within a month after the agreement was executed, appellant sold the property without the assistance of appellee, who subsequently brought this action on the agreement for the 10 percent commission. After discovery, cross motions for summary judgment were made, resulting in grant of summary judgment to appellee, denial of same to appellant, and this

appeal. *Held:*

1. As the agreement did not obligate appellee to do anything, we construe the agreement at its inception to be a unilateral unenforceable contract.

"A contract executed by the owner of property, purporting to bestow upon another the exclusive right to sell for a stipulated commission said property for a consideration and under terms set out in such contract during a stated period of time, said contract not requiring any particular acts or efforts on the part of the other party to sell said property during said stated period of time, is at the time of its execution unilateral and unenforceable, notwithstanding its recital that it is for and in consideration of the services to be performed by the other party.

"However, where the party to whom such exclusive sales agency is sought to be granted acts upon the contract by incurring the expenses of advertising said property, or by showing the property to prospective purchasers, or by otherwise acting thereon in any manner contemplated by the contract so as to incur injury to himself by reason thereof, the contract becomes bilateral and binding upon both parties." *Thompson v. Hudson,* 76 Ga. App. 807 (headnotes 1 and 2), (47 SE2d 112). Also see, 3 EGL 401, Brokers and Security Dealers, § 16; 12 AmJur2d 796, Brokers, § 32.

In the instant case as appellant agreed that appellee would be entitled to the commission even if the property was sold by appellant during the term of the agreement, the issue is whether the initial unenforceable unilateral agreement became bilateral and enforceable by appellee taking some action to advertise or show the property before it was sold by appellant. On this issue the evidence is in conflict, with appellee presenting evidence that it did advertise and show the property, and appellant presenting evidence to the contrary.

Summary judgment may be granted only where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law, OCGA § 9-11-56 (c) (Code Ann. § 81A-156). In deciding a motion for summary judgment, the evidence is construed most favorably to the party opposing the motion, who is to be given the benefit of all reasonable doubts and all reasonable inferences. *Malcom v. Malcolm,* 112 Ga. App. 151 (1) (144 SE2d 188).

Applying the foregoing principles, we find that there is a genuine issue of material fact on whether appellee performed sufficient acts to convert the initially unenforceable unilateral contract into an enforceable bilateral contract before appellant sold the property. "It is accordingly a jury question whether or not there was such compliance with the contract as to entitle the plaintiff to

commissions." *Stone v. Reinhard,* 124 Ga. App. 355 (1), 358 (183 SE2d 601). Therefore, the trial court erred in granting summary judgment to appellee.

Appellee's reliance on *Ellzey Realty Co. v. Hugo, Inc.,* 154 Ga. App. 460 (268 SE2d 717) is misplaced, as the facts therein are inapposite and the language quoted therefrom is obiter dictum.

2. For the reasons stated above, the trial court did not err in denying summary judgment to appellant.

*Judgment affirmed in part; reversed in part. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 7, 1983.

*Stephen L. Berry,* for appellant.
*J. Grover Henderson,* for appellee.